<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICK RANDOLPH, SR., | : | |
| | : | Civil Action No. 07-376 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE | : | |
| OFFICE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Patrick Randolph, Sr., <u>Pro</u> <u>Se</u>
#145980
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

    Plaintiff Patrick Randolph, Sr., a prisoner confined at the
Atlantic County Justice Facility in Mays Landing, New Jersey,
seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging violations
of his constitutional rights, pursuant to 42 U.S.C. § 1983.
Based on his affidavit of indigence and the absence of three
qualifying dismissals within 28 U.S.C. §1915(g), the Court will
grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>
pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court
to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff seeks to sue the New Jersey State Parole Board and State of New Jersey for wrongly denying him parole. He states that he was sentenced on September 22, 2006 to a 364-day county jail sentence. He received an initial parole hearing 45 days after he was sentenced. His case was sent to a parole panel three weeks later and a decision was deferred for an investigation into Plaintiff's prospects for housing and employment. Plaintiff was told on November 16, 2006 that he would be contacted by the parole board within 30 days; however, he was not contacted until 56 days later and was denied parole.

Plaintiff seeks only to be released on parole and other injunctive relief. During the pendency of this action, the Court received a letter from Plaintiff stating that he is scheduled to be released May 6, 2007. Indeed, this Court confirmed on this date with the Atlantic County Justice Facility that the Plaintiff, in fact, was released on May 6, 2007.

2

## STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

3

<u>Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).

## <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## <u>ANALYSIS</u>

A.    <u>Mootness</u>

Federal courts are not empowered to decide moot issues.  <u>See</u> U.S. CONST. art. III, § 2, cl. 1.; <u>Doe v. Delie</u>, 257 F.3d 309, 313 (3d Cir. 2001)(citing <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all

4

stages of review.  See id. (citing New Jersey Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)). "Mootness has two aspects:  (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome."  Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).  In the instant case, Plaintiff is scheduled to be released.  Release is the only relevant relief sought in his complaint.  He does not seek monetary relief.  Due to his pending release, the issues are no longer "live" and a controversy no longer exists.  Thus, the issues raised in the instant complaint appear to be moot.

**B.   Plaintiff Has Not Named Proper Defendants.**

Moreover, Plaintiff names the State of New Jersey and the New Jersey Parole Board as defendants in this action.  However, the Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v.

5

Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment
protects states and their agencies and departments from suit in
federal court regardless of the type of relief sought.  Pennhurst
State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).
Section 1983 does not override a state's Eleventh Amendment
immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Furthermore, the New Jersey State Parole Board is not a
"person" subject to suit under 42 U.S.C. § 1983.  See Will v.
Michigan Dept. of State Police, 491 U.S. 58, 68-70 (1989)
(holding that States and governmental entities considered "arms
of the State" for Eleventh Amendment purposes are not "persons"
within the meaning of § 1983); Madden v. New Jersey State Parole
Board, 438 F.2d 1189, 1190 (3d Cir. 1971) (stating that New
Jersey Parole Board not a person under § 1983).  Therefore, the
Complaint will be dismissed in its entirety as against these two
defendants.

**C.   Alternatively, Plaintiff Fails to State a Claim for Relief.**

There is no federal constitutional right to parole or to an
error-free parole decision-making process; states, however, may
create a parole entitlement protected by the Due Process Clause.
See Greenholtz v. Inmates of Nebraska Penal & Correctional
Complex, 442 U.S. 1, 7 (1979).  See also Board of Pardons v.
Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539,
545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

Prisoners may utilize § 1983 to challenge the constitutionality of parole procedures in actions seeking declaratory and injunctive relief.  See Wilkinson v. Dotson, 544 U.S. 74 (2005).  The question remains what process is due.  The Supreme Court of New Jersey has stated that

7

Only a few basic procedures are required to deal with
the risks of erroneous or arbitrary determinations in
this context.  We conclude that the process required is
notice of the pendency of the parole disposition, a
statement by the objecting judge or prosecutor of the
reasons why the punitive aspects of the sentence have
not been fulfilled, and the opportunity for the
prisoner to respond in writing to that statement of
reasons.  No hearing, confrontation, or counsel issues
are implicated here.

Byrne, 93 N.J. at 211.

Similarly, Judge Thompson of this Court has held that due

process does not require that a hearing be held in exact

accordance with the time period specified by the applicable New

Jersey statutes.  See Burgos v. New Jersey State Parole Board,

2000 WL 33722126, *8 (D.N.J. Aug. 7, 2000).  In addition, while

delay for an extended period of time may violate a prisoner's due

process rights, "procedural errors are generally cured by holding

a new hearing in compliance with due process requirements."  Id.

at *8-9.  See also Johnson v. Paparozzi, 219 F.Supp.2d 635, 642

(D.N.J. 2002).

This is not to say that every allegation of constitutional

violations in parole proceedings is the proper subject for an

action under § 1983.  In a series of cases beginning with Preiser

v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed

the intersection of 42 U.S.C. § 1983 and the federal habeas

corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners

who had been deprived of good-conduct-time credits by the New

York State Department of Correctional Services as a result of

8

disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

Here, Plaintiff alleges that he received a late decision, and that his parole was wrongly denied.  To the extent Plaintiff challenges the late parole decision, he fails to state a claim, as he also alleges that he did eventually receive the denial decision.  It does not appear that Plaintiff is challenging general parole procedures.  To the extent Plaintiff challenges the denial of parole and seeks release, the claim is properly the subject of a petition for writ of habeas corpus, not an action under § 1983.  See Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996).  No § 1983 action will accrue until such time as the parole decision has been invalidated through a habeas or other appropriate action.  See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).

9

**<u>CONCLUSION</u>**

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2), for failure to state a claim and for seeking relief from immune defendants.  An appropriate order follows.


<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge

Dated:<u> May 21, 2007</u>

10